James E. F. Henry
vs..
The Forty-Eight Shop
} W. C. A. No. 924.

June 4, 1929.

TANNER, J. This is a physician's petition for compensation for medical services in a Workman's Compensation case. The employee sustained an injury to the right shoulder and arm which resulted in a neuritis which continued for several months. The plaintiff physician gave her medical treatment for nearly every day during the eight weeks for which she could secure compensation from her employer under the statute.

A physician testifying for the insurance company stated that while the plaintiff's treatment was proper treatment, a treatment two or three times a week would have been sufficient and that the use of the hot water bottle by the patient at her own home under the instructions of the physician would have been fully as effective as the application of diathermany and that, in fact, the treatment with the hot water bottle at home would have admitted of longer treatments and for this reason might have been more efficacious than diathermany.

It is well known that in cases of neuritis the steady and long continued application of heat is proper treatment and we think that such treatment might under the advice of the physician have been properly used by the patient at home with fully as much, if not better, effect than short treatments of diathermany at the physician's office.

In our opinion the number of treatments given by the physician were not necessary to the case and we shall allow him for three treatments each week during the eight weeks at the rate charged by him.

For petitioner: Fergus J. McOsker.

For respondent: Clason, Brereton & Kingsley.

Kaloost Kosrofian
vs.
Nushan Assadorian
} No. 72794.

June 11, 1929.

BLODGETT, P. J. Heard upon motion of defendant for a new trial after verdict of a jury for plaintiff for $125.

Dispute between parties as to whether defendant agreed to have a certain mortgage of personal property transferred to plaintiff, the money to take up said mortgage having been raised by a loan which plaintiff paid. Defendant received the proceeds of said loan and caused to be transferred to himself the mortgage aforesaid, and then foreclosed the mortgage and received the proceeds of the foreclosure sale.

The testimony was conflicting as to what agreement had been made between the parties.

Motion denied.

For plaintiff: William M. P. Bowen.

For defendant: Uldrich Pettine.